FROM: 48462424
TO:
SUBJECT: Honorable Judge
DATE: 01/03/2019 12:22:06 PM

United States of America
        V.
Crystal Charmae Jackson

Re: Criminal Action No. 3:16-cr-155

Honorable Judge Gibney,

    In addressing your ORDER concerning my restitution payment schedule, I may not have clearly articulated in my original request to your Honor. In referencing your ORDER, you stated in paragraph 2, "When the court ordered restitution and set a payment schedule, the court also imposed a term of imprisonment." My original payment schedule was $25 per quarter. However, after enrolling in the RDAP (Residential Drug Treatment Program), my payments were increased from $25 to $50 incrementally to the current monthly payment of $475.

    My financial situation consists of my job as a Suicide companion which pays .40 cents per hour and another position cleaning the Lieutenants office averaging about $40 per month. This is in addition to the money my family sends to help cover hygiene, food and other commissary needs as well as communication needs with my child in terms of email, phone and video visits. As the BOP raise my payments, my family has to increase the amounts deposited so that I can meet my other needs as well. This ends up being a cumbersome cycle of increases. The amount they send has to be incrementally increased to cover my restitution payments in which they are not liable for. A $475 per month payment can not be reasonably expected to be met as there is no job on the compound that would allow me to meet my responsibility. Upon review of the original order, you will find that $475 is not compliant with the original payment schedule imposed by the court even when I was not under the confines of the BOP's limited employment opportunities. I am simply asking the court to modify my payment schedule to be in compliance with the court's order.

    I would like to reference a similar recent case Memorandum and Order, Armstrong Vs. U.S. of America. (4th Circuit 2018) "FCI Hazelton provides no employment opportunities that could sustain such monthly payments." The court directed the government to "show cause why the defendants letter should be construed as a Motion to adjust the restitution payment schedule Pursuant to 18 U.S.C. 3664(k). See Erickson V. Pardus, 551 U.S. 89, 94(2007) "A document filed Pro Se is to be liberally construed.

    It is my contention that the current payment schedule is not reasonable and not in compliance with the court's order. I agreed to participate in the Inmate Financial Responsibility Program (IFRP) which is "described by the government as a voluntary program." However, "the ramifications of non-participation in the IFRP are both sever and coercive, in order to "encourage each sentenced inmate to meet his or her legitimate financial obligations" 28 C.F.R. 545.10 BOP regulations detail ten consequences that "shall result" should an inmate decline to participate in the IFRP."

    Being in RDAP, the consequences are even more dire for myself. Any lapse in payment, I could receive an intervention even possible expulsion from the program. I am in my final phase. This lapse could result in being set back a phase as well. That along with the other ramifications such as being rendered ineligible for community based programs, monthly commissary spending limits, as well as maintenance pay of only $5 per month in lieu of a regular salary.

    Your Honor, adjustment of restitution payment obligation is authorized under 18 U.S.C. 3664. McGee V. Martinez, No. 3: CV-08-1663, 2011 WL 599338 at *4 (M.D. PA. Nove17, 2011) (Finding BOP in violation of Judgment terms and ordering "the BOP to recalculate McGee's IFRP payment contract in complete accordance with the directives of the sentencing court.")

    In closing, I am simply asking that the court remedy the mounting distressing problem of increasing IFRP payments in accordance to the court's payment schedule or even within reason in respect to my employment pay here at Hazelton. I thank you in advance for your consideration regarding this matter.

Sincerely,

Crystal Charmae Jackson
*Crystal Charmae Jackson*

Crystal Jackson #90460-083
Swire Female Facility - Hazelton
P.O. Box 3000
Bruceton Mills West Va. 26525

RECEIVED
JAN - 7 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

Judge J. Gilbney Jr.
United States District Court
Eastern District of Virginia
701 East Broad Street
Richmond Va. 23219

U.S. MARSHALS
INSPECTED

PITTSBURGH PA 150
04 JAN 2019 PM 1 L