Crystal Charmae Jackson
400 Coveside Lane #104
Chesapeake, Virginia 23320
Spoiledrotten247365@gmail.com

RECEIVED
AUG 19 2021
CLERK, U S DISTRICT COURT
RICHMOND, VA

August 18, 2021

**Judge John A. Gibney Jr.**
U.S. District Court
701 East Broad Street
Richmond, Virginia 23219

3:16 cr 155

Honorable Judge John A. Gibney Jr.:

I am requesting for the court and/or government to terminate my term of supervised release, under Title 18, section 3583(e)(1). My 3-year term of supervised release began on January 22, 2020. This month will be 19 months I have been in full compliance with all areas of my supervision, including making monthly payments of my restitution obligation. I have minimal special conditions, yet I have complied with them all successfully. Notably, I have no conditions requiring any sort of additional programming or counseling, everything has been completed.

I was convicted of Conspiracy to make false claims against the states (18 U.S.C.286) and making a false claim against the states(18U.S.C.287) and was sentenced to 37 months on September 20, 2017 to Hazelton FCI in West Virginia and completed my prison sentence with clear conduct.

I am being supervised in the Eastern District of Virginia where I live and own a business. During my transition I was gainfully employed the entire 4 months while at the Federal Halfway House and I saved my income with planed intentions to establish my own businesses, which I accomplished on January 30, 2020.

Prior to asking for Early Termination of my Supervised Release I asked my probation officer (Latonya Eason) to assist me in petitioning and she did not oppose, and in fact she fully supports my supervision being terminated due to the fact I have been in full compliance.

I have been working, managing and maintaining my business thru COVID. I have also felt the consequences of my past actions even more because, I am not eligible for many of the relief/funding options for small business owners which was an additional strain because of my charges. I have worked more hours and offered more services in order to adjust and adapt to the new stipulations because of the pandemic in order to keep my business afloat.

My family, friends, and my community have seen the difference in me. I am completely hands on in my community. My determination is strong especially after loosing everything due to my incarceration and bad decisions.

In the Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109) (rev'd 2010)(emphasis added). Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." Id., § 380.10(g).

 Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." Id.

Under the applicable Law- Section 3583(e)(1) of the United States Code authorize the court to terminate a defendant's term of supervision release at anytime after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  No hearing is requested for this unopposed petition.

The Court is often called upon to impose serious consequences for defendants who violate supervised release. I have completed all conditions required and I have gone far beyond the requirements of my supervision.  I have successfully reintegrated into society. I am stable in terms of housing, family, and employment. I am in full compliance with all terms of supervision and I am free from all controlled substances. I have no psychiatric issues.  I am an ideal candidate for early termination of supervised release based on factors the Court must consider.

Given my successful reintegration into society and my performance on supervised release, I respectfully requests that the Court order that my term of supervision be terminated under 18 U.S.C. § 3583(e) and to support my request on early termination.

2

Respectfully Submitted


Crystal Jackson

3